UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Judge: Philip G. Reinhard |
| ) | Case No.: 20 CR 50020-2 |
| ) | 21 CR 50057-2 |
| ANTOINE FULTON ) | |

**DEFENDANT ANTOINE FULTON'S SENTENCING
MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE**

NOW COMES the Defendant, ANTOINE FULTON, by his attorney, GLENN J. JAZWIEC, and submits to this Court his Sentencing Memorandum and Request for Downward Variance. This memorandum is submitted in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment.

**Factual Background**

As it relates to 20 CR 50020, a two-count Indictment was returned on March 10, 2020. On March 11, 2020, an arrest warrant was issued for Mr. Fulton. He was arrested on March 12, 2020, pled not guilty, and was detained pending a detention hearing. On March 18, 2020, Mr. Fulton was ordered released on bond. The bond was signed and he was released from custody on March 20, 2020. Charge One of 20 CR 50020 charged Mr. Fulton with Conspiracy to Commit Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Two charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). On April 20, 2021, a U.S. Pretrial Services violation report was filed and an arrest warrant was issued for Mr. Fulton. He was arrested on that warrant on June 22, 2021. On June 28, 2021, Mr. Fulton's bond was revoked and he was ordered detained. On

1

November 9, 2021, a nine-count Superseding Indictment was returned in 20 CR 50020. Count One charged him with Conspiracy to Commit Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Two charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Three charged Mr. Fulton with Brandish a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1)(A)(i) and (ii). Count Four charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Five charged him with the offense of Brandish a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1)(A)(i) and (ii). Count Six charged Mr. Fulton with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Seven charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Eight charged him with Brandish a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1)(A)(i) and (ii). Count Nine charged Mr. Fulton with Felon in Possession of Firearms, in violation of 18 U.S.C. Section 922(g)(1).

On that same day, November 9, 2021, a three-count Indictment was returned against Mr. Fulton in 21 CR 50057. Count One charged him with Conspiracy to Commit Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Two charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a). Count Three charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a).

On December 16, 2022, a two-count Superseding Information was filed in 20 CR 50020. Count One charged Mr. Fulton with Interference with Commerce by Threats or Violence, in

violation of 18 U.S.C. Section 1951(a). Count Two charged him with Possession of Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1)(A)(i).

On December 20, 2022, as it relates to the Superseding Information in 20 CR 50020, Mr. Fulton pled guilty to Counts One and Two. In reference to 20 CR 50057, he pled guilty to Counts Two and Three.

**Sentencing Guidelines**

Mr. Fulton offers no objection to the manner in which Probation calculated the sentencing guidelines. He is in agreement that the total offense level is 24 and the criminal history category is III. This results in an advisory sentencing guideline range of 63 to 78 months. Mr. Fulton agrees that Count Two of 20 CR 50020 imposes a Guideline sentence of the minimum term of imprisonment required by statute, specifically five years, which shall run consecutive to any other term of imprisonment imposed.

**I.    Introduction: Request for Downward Variance**

Mr. Fulton respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). *Booker* restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentence range prescribed by the United States Sentencing Guidelines. The Defendant, Mr. Fulton, respectfully requests the Court consider several important circumstances of his case in fashioning the most appropriate sentence and asks this Court to impose a sentence significantly below the advisory guidelines.

**II.    Post-*Booker* Sentencing Considerations**

3

This Court is aware of the broad ramifications of the *Booker* decision on this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one factor to be considered in determining the sentence. <u>Booker</u>, 125 S. Ct. at 764-65. The 18 U.S.C. §3553(a) parsimony provision provides that the Court shall impose a sentence sufficient, but not greater than necessary, to carry out the proper purposes of sentencing. The purposes of sentencing include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to create adequate deterrence, to protect the public from future crimes of the defendant, and to provide the defendant with necessary treatment and training. 18 U.S.C. §3553(a)(2), <u>Booker</u>, 543 U.S. at 260. Other relevant §3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available.

In <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), the Supreme Court gave this Honorable Court discretion and authority to consider mitigating factors that were discouraged or prohibited previously under the Guidelines. The Court should consider the arguments of the parties as to the proper sentence in the particular case weighing the applicability of the §3553(a) factors. <u>Gall</u>, 128 S. Ct. 586. The Court should take a case-by-case approach, considering every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Id*. At 598. The Court must then delineate its reasons for the record. *Id*. The Court's reasons for deviation from the guideline range should be rooted either in the nature and circumstances of the offense or the characteristics of the offender and should be sufficient but not greater than necessary to comply with the general terms of §3553(a). This decision allows the sentencing court to apply

4

the facts of the case with the circumstances of the Defendant's life and fashion a sentence that comports more with justice than with arithmetic calculations.

**III.    The Sentencing Factors as Applied to Defendant**

    **A.  The Nature and Circumstances of the Offense**

Mr. Fulton was arrested, detained, and pled guilty to Counts One and Two of the Superseding Information in 20 CR 50020.  Count One charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a).  Count Two charged him with Possession of Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c)(1)(A)(i).  In 21 CR 50057, Mr. Fulton pled guilty to Counts Two and Three of the Indictment.  Count Two charged him with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a).  Count Three charged him with Commerce by Threats or Violence, in violation of 18 U.S.C. Section 1951(a).

    **B.  Defendant's History and Characteristics**

Mr. Fulton comes before this Court and has acknowledged his guilt and has accepted responsibility for his criminal actions.

Mr. Fulton is 25 years old.  He was born on April 22, 1998, in Chicago, Illinois, to Antoine Fulton and Nina Slaughter, who were never married.  When Mr. Fulton was 10 years old, his parents separated, and he then lived with his mother and grandmother.  His father did not provide any child support and Mr. Fulton only saw him "off and on."  Mr. Fulton's father did not pay child support.

Mr. Fulton was a lifelong resident of Chicago and lived all of his life in the Back of the Yards neighborhood.   That his neighborhood in which he grew up was not safe and he was

5

exposed to a lot growing up including drug sales, shootings and gang activity. He was jumped a few times and saw a lot of gang activity in his neighborhood.

Mr. Fulton's mother has been arrested and convicted twice for the offenses of manufacture/delivery of controlled substances. Mr. Fulton was disciplined with whoopings by his parents but did not consider this to be abusive. Several of Mr. Fulton's family members have also been involved in the criminal justice system including his mother's boyfriend, Huey Whitley. Mr Fulton's family is aware of his involvement in this matter and are supportive of him. Mr. Fulton plans to resume living with his mother upon his release from the Bureau of Prisons.

Mr. Fulton is currently in a relationship with Dashierra Bonner and shares a daughter, Delayshia who is 6 years old. Mr. Fulton also considers Dashierra's two children from a former relationship to be his own children as he has been with them since they were babies and now Demari McCormick is 10 and Demonte McCormick is 9. Dasherria acknowledged that Mr. Fulton was very helpful with childcare and school drop offs and pick ups. Dashierra is aware of his involvement in this offense and remains supportive of him. Mr. Fulton plans on resuming his relationship with Ms. Bonner upon his release. That Mr. Fulton also has a son, Antione Fulton, Jr., with Shydrial Washington.

Dashierra corroborated Mr. Fulton's information about their relationship and also indicated to probation that she has know Mr. Fulton since they were 12 to 13 years old. She is unsure of their future relationship but believes that Mr. Fulton will always be in her life due to their children. Dashierra described Mr. Fulton as a sweet nice and positive person who is responsible, helpful and encouraging. That she has never observed him to be violent and that he

6

always tries to improve situations to be positive. That she believes that he is a good role model for his and her children.

That Mr. Fulton is generally in good health but does concede that he has anger issues that he does not act upon but tries to walk them off or take deep breaths. Mr. Fulton has previously been prescribed Trazadone and Remeron for depression but had never taken either medication. He has experienced depression and mood swings. Mr. Fulton was diagnosed in 2022 with adjustment disorder though no medications were prescribed. He was educated on positive and healthy coping techniques which he has been receptive to. Mr. Fulton has experimented and used cannabis in the past.

Mr. Fulton attended high school in Chicago and earned 16 credits and had a GPA of 2.37 however he did graduate with an alternative high school diploma from YCCS- Community Youth Development Institute High School in 2017. That Mr. Fulton would like to study vocational trades, including plumbing and business in the BOP. Upon his release from imprisonment he hopes to work in plumbing, carpentry or construction. He may also want to start his own barber shop or hair salon.

That if given the choice to change anything in his life Mr. Fulton would change his behavior out in the world. He plans to better himself for his future and for his children by working and avoiding negative crowds or those "not doing good things'.

Mr. Fulton recognizes that his offense is serious and that he should be punished for the crime committed. However, it is respectfully suggested that a departure below the minimum in the applicable sentencing range will reflect the seriousness of the offense, will promote respect for the law, and will adequately punish him, particularly in light of other factors personal to him that must be considered by this Court.

7

The community must know that possessing and distributing controlled substances are serious offenses. Mr. Fulton understands this and agrees with this. Respect for the law and punishment for violating the law does not require harsh results in all circumstances. Rather, respect for the law and proper punishment for violating the law is achieved by fairly considering all the factors that are relevant to an individual and the offense that he committed.

### C. (1) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide punishment for the offense.

Mr. Fulton recognizes that his offense is serious and that he should be punished for the crime committed. However, it is respectfully suggested that a sentence less than the minimum in the applicable sentencing range is justified in this matter.

The community must know that crimes of violence and weapons charges are serious offenses. Mr. Fulton understands this and agrees with this. Respect for the law and punishment for violating the law does not require harsh results in all circumstances. Rather, respect for the law and proper punishment for violating the law is achieved by fairly considering all the factors that are relevant to an individual and offense he committed.

Mr. Fulton has been shamed in the eyes of his family and children  Obviously, his young children will be severely impacted by not having their father present in their life. Mr. Fulton is not suggesting his conduct is not responsible for this circumstance and all of the negative ramifications that are possible. Rather, he is simply indicating and asks this be considered when this Court imposes the sentence deemed to be appropriate under the circumstances.

### C. (2) The need for the sentence imposed to afford adequate deterrence to criminal conduct.

Mr. Fulton recognizes that the sentence imposed should deter other criminal conduct. Possessing and distributing controlled substances are serious offenses. Mr. Fulton believes a sentence of imprisonment far below what is recommended by the Guidelines achieves the goal of deterrence as it still will be a significant sentence. Any period of imprisonment based on these unique set of circumstances will convey the message to the public that possessing and distributing controlled substances are not tolerated and are serious offenses.

## C. (3) The need for the sentence imposed to protect the public from further crimes of the defendant.

Mr. Fulton poses a minimal risk of committing additional crimes. He fully understands and acknowledges that what he has done is wrong. He placed his own judgment above the law in this case and recognizes his failure in this regard. As a result of that conduct, he has lost the main joy in his life, his children. He hopes to utilize his time in the Bureau of Prisons so that he may be productive and make his family and children proud of him.

## D. The kinds of sentences available.

For Count One 20 CR 50020, the maximum term of imprisonment is 20 years for Count Two 20 CR 50020 the minimum term is 5 years and the maximum term is life. That Count 2 and 3 in 21 CR 50057 the maximum term is 20 years. That Mr. Fulton is not eligible for probation.

## E   The kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.

Mr. Fulton is in agreement that the total offense level is 24 and the criminal history category is III. This results in an advisory sentencing guideline range of 63 to 78 months as to 21 CR 50057-2 . Mr. Fulton agrees that Count Two of 20 CR 50020 imposes a Guideline sentence of

the minimum term of imprisonment required by statute, specifically five years, which shall run consecutive to any other term of imprisonment imposed.

### F. Sentence Recommendation

As discussed above, *Booker* and 18 U.S.C. §3553(a) would indicate that no matter what is recommended under the sentencing guidelines, the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence less than the guidelines is sufficient to achieve the goals of punishment. Mr. Fulton requests that a downward departure significantly less than the sentencing guidelines in this matter.

Justice is certainly served by this proposed sentence. Mr. Fulton recognizes the seriousness of his offense and the resulting harm warrants imprisonment. He is not attempting to avoid this reality. The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Finally, Mr. Fulton need for rehabilitation, treatment, and training can be met by the proposed sentence.

The average annual cost of incarceration for federal inmates during the fiscal year of 2015 was $31,977.65. See Federal Register Volume 81 FR 46957 (July 19, 2016). Pursuant to the same the cost of incarcerating Mr. Fulton for even the minimum of the guidelines would be over $100,000.00. This factor should also be taken into consideration prior to entering a sentence in this matter within the guideline range.

Mr. Fulton has pled guilty and thereby demonstrated respect for the law. The proposed sentence will further enable him to develop greater respect for the law. In determining the minimally sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would

not in this case. The Court has great discretion in sentencing in the post-*Booker* world. Mr. Fulton respectfully requests this Honorable Court sentence him to a period in the Bureau of Prisons for a term less than the sentencing guidelines in this matter.

### G. Place of Confinement

Mr. Fulton understands that his place of confinement is determined by the Bureau of Prisons. That if sentenced to the Bureau of Prisons, Mr. Fulton requests this Court recommend that he be allowed to serve his sentence at an appropriate facility either in Greenville, Illinois or Milan, Michigan as there are good programs for him in both sites.

### H. Conclusion

For the reasons discussed above, Mr. Fulton respectfully requests this Court impose a sentence less than the guidelines in this matter.

Respectfully Submitted,

/s/ GLENN J. JAZWIEC

JAZWIEC LAW OFFICES
Glenn J. Jazwiec
308 W. State Street, Suite 215
Rockford, Illinois 61101
(847) 622-1533

**PROOF OF SERVICE**

      The undersigned states that on May 4, 2023, he e-filed and emailed a true, correct and complete photocopy of the above DEFENDANT ANTIONE FULTON'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE to each of the following persons:

> Ms. Theodora Ashton Anderson
> Assistant United States Attorney
> 327 S. Church St.
> Suite 3300
> Rockford, IL   61101

                                                                                       /s/ GLENN J. JAZWIEC

JAZWIEC LAW OFFICES
Glenn J. Jazwiec
308 W. State Street, Suite 215
Rockford, Illinois 61101
(847) 622-1533